**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Edward Lee Townsend,<br><br>　　　　　　Defendant. | Case No. 15-cr-0305(SRN/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

Benjamin Bejar, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for United States of America

Manvir K. Atwal, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for Edward Lee Townsend

HILDY BOWBEER, United States Magistrate Judge

　　This case came before the undersigned United States Magistrate Judge for a pretrial motions hearing on February 10, 2016.  The case was referred for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.  The Court will address Defendant Edward Lee Townsend's Motion to Suppress Statements, Admissions, and Answers [Doc. No. 20] in this Report and Recommendation.  The parties' nondispositive motions were addressed in a separate Order [Doc. No. 29].  For the reasons set forth below, the Court recommends that the motion to suppress be denied.

I.     **Procedural Background**

On November 9, 2015, Defendant Edward Lee Townsend was charged by Indictment with Felon in Possession of a Firearm—Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  (Indictment [Doc. No. 1].)  Townsend timely filed pretrial motions, including the motion to suppress statements, on January 6, 2016.  Townsend sought to suppress statements he made to another individual in the back of a police squad car on September 19, 2014, and statements he made on the telephone to a police officer on July 7, 2015.  (Mot. Suppress at 1-2 [Doc. No. 20].)

At the pretrial motion hearing on February 10, 2016, the Government submitted three exhibits into evidence: a police squad car video taken on September 19, 2014 (Gov't Ex. 1); a search warrant and related documentation (Gov't Ex. 2); and an audiotaped interview of Townsend on July 7, 2015 (Gov't Ex. 3).  St. Paul Police Officers Len Wall, Erik Johnson, and John Wuorinen testified for the Government.  At the conclusion of the hearing, Townsend orally withdrew his challenge to the statements made on July 7, 2015.  (Mot. Hr'g Tr. ("Tr.") 52:2-10, Feb. 10, 2016 [Doc. No. 31].)  The parties asked for permission to file post-hearing memoranda on the remaining suppression issue, and the Court granted leave for them to do so.  After each party subsequently requested and received extensions of time, Townsend filed his memorandum on March 10, 2016 [Doc. No. 38], and the Government filed its memorandum on March 21, 2016 [Doc. No. 39].  Townsend argues that the act of placing him into the backseat of a police squad car with his girlfriend amounted to custodial interrogation likely to elicit an incriminating response.

**II.   Relevant Facts**

On September 19, 2014, St. Paul police officers executed a search warrant at a residence on Abel Street in St. Paul, Minnesota. (Tr. 25:7-9.) Townsend was not a target of the warrant or the investigation. (Tr. 27:21-25, 29:19-21.) Between sixteen and twenty officers were involved in the execution of the warrant. (Tr. 35:15-17.) During the search of the residence, Townsend was identified by one of the officers and arrested on an outstanding warrant. (Tr. 33:20-21, 39:2-3.) An officer escorted Townsend from the residence and placed him into the back of a police squad car. (Tr. 12:22-24, 33:15-16.) The renter of the home and Townsend's girlfriend, Amy Toby, had been placed in the same car about twenty minutes earlier. (Tr. 11:6-7, 11:13-16; Gov't Ex. 1.) Police department protocol is to transport arrestees separately. (Tr. 20:17-19.) The squad car's rear audio-video recording equipment was activated automatically when a police officer opened a rear door to place Toby inside. (Tr. 8:10-17, 9:12-15, 11:22-24, 22:20-25, 23:1-6; Gov't Ex. 1.)

Townsend told Toby to be careful when talking because they were being recorded. (Tr. 13:11-14; Gov't Ex. 1.) Townsend and Toby nonetheless had a conversation about the execution of the search warrant, the discovery of a firearm, Townsend's warrant, and other matters. (Gov't Ex. 1.) Townsend assured Toby he would not say anything to incriminate her and said he loved her. (Gov't Ex. 1.) They shared a kiss. (Gov't Ex. 1.) The conversation lasted about nine or ten minutes, until they arrived at the law enforcement center. (Tr. 13:4-6; Gov't Ex. 1.) The entire conversation was recorded, and no *Miranda* warning was administered. (Tr. 17:2-4.)

3

**III.   Discussion**

Under *Miranda v. Arizona*, "the prosecution may not use statements . . . stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination."  384 U.S. 436, 444 (1966).  Those procedural safeguards are met when, "[p]rior to any questioning, the person [is] warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed."  *Id.*  *Miranda* warnings are required for official interrogations where a person has been "taken into custody or otherwise deprived of his freedom of action in any significant way."  *Stansbury v. California*, 511 U.S. 318, 322 (1994).

The Government concedes Townsend was in custody when he made the statements in the back of the squad car.  The issue for the Court is interrogation.  *Miranda* warnings are required only when an individual is subject to interrogation.  *United States v. Nguyen*, 608 F.3d 368, 374 (8th Cir. 2010).  "Interrogation . . . must reflect a measure of compulsion above and beyond that inherent in custody itself."  *Rhode Island v. Innis*, 446 U.S. 291, 300 (1980).  "Interrogation" under *Miranda* means not only "express questioning, but also . . . any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect."  *Id.* at 301.  Although the latter definition focuses on the suspect's perspective, "the definition of interrogation can extend only to words or actions on the part of police officers that they should have known were

reasonably likely to elicit an incriminating response." *Id.* at 302.

Townsend argues that the officers' act of placing him in the back of a police car with his girlfriend was the functional equivalent of interrogation. He contends there were other squad cars for transport at the scene, so the officers must have placed Townsend and Toby in the same car for the purpose of having a conversation. Townsend submits the officers should have known he would use his final moments with his girlfriend to resolve any disagreements between them by offering to incriminate himself for her.

The Eighth Circuit Court of Appeals addressed a similar set of facts in *United States v. Hernandez-Mendoza*, 600 F.3d 971 (8th Cir. 2010). There, two suspects who had been traveling in a car together were placed in the backseat of a trooper's car for transport to jail. *Id.* at 974. Unaware they were being video recorded, the suspects had a conversation when the trooper stepped out of the vehicle. *Id.* The Eighth held that the trooper's "act of leaving the [suspects] alone in his vehicle, with a recording device activated, was not the functional equivalent of express questioning." *Id.* at 977. Even though the trooper "may have expected that the two men would talk to each other if left alone," such an expectation did not equate to a "deliberate elicitation of an incriminating response." *Id.* Moreover, there are legitimate security reasons for audio and video recording inside a squad car, and individuals have no reasonable expectation of privacy in a marked police car. *Id.* (citations omitted).

In this case, the Court likewise concludes that the officers' act of placing Townsend and Toby in the backseat of the same car was not the functional equivalent of express questioning. That Toby and Townsend were romantically involved rather than

5

just accomplices or acquaintances does not tip the balance toward suppression. Their relationship supports a finding that officers may have expected them to have a conversation, but not that the officers deliberately elicited an incriminating response.

In addition, there were legitimate security reasons for recording the activity inside the squad car, and Townsend had no reasonable expectation of privacy inside the vehicle. Indeed, he did not even have a subjective expectation of privacy; on the contrary, he stated to Toby his suspicion that the conversation might be recorded. These are adequate and independent grounds on which to deny Townsend's motion to suppress statements.

Accordingly, based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Edward Lee Townsend's Motion to Suppress Statements, Admissions, and Answers [Doc. No. 20] be **DENIED**.

Dated: March 23, 2016         s/ *Hildy Bowbeer*
                              HILDY BOWBEER
                              United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

6

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.