# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Edward Lee Townsend, a/k/a Edward Earl Townsend,<br><br>    Defendant. | Case No. 15-cr-305 (SRN/HB)<br><br>**OPINION** |

Benjamin Bejar and Craig R. Baune, United States Attorney's Office, 300 South 4th St., Ste. 600, Minneapolis, MN 55415, for Plaintiff.

Lisa M. Lopez and Manvir K. Atwal, Office of the Federal Defender, 300 South 4th St., Ste. 107, Minneapolis, MN 55415, for Defendant Edward Townsend.

SUSAN RICHARD NELSON, United States District Judge

On December 14, 2016, this Court sentenced the Defendant Edward Townsend ("Townsend") based on his recent federal conviction for being a felon in possession of a firearm. (See Court Minutes dated December 14, 2016 [Doc. No. 82].) At the hearing, the Court held—over Townsend's objections—that the Armed Career Criminal Act's ("ACCA") minimum mandatory sentence applied because Townsend had the requisite three prior violent felony convictions. The Court stated its reasons on the record, but issues this written opinion memorializing that holding.

I.  **TOWNSEND'S PRIOR FELONY CONVICTIONS AND THE RELEVANT ACCA PROVISION**

Townsend has four prior felony convictions: (1) a Wisconsin conviction for substantial battery, (2) a Minnesota conviction for fifth-degree assault, (3) a Minnesota conviction for first-degree aggravated robbery, and (4) a Wisconsin conviction for armed robbery with threat of force. (Presentence Investigation Report ("PSR") at ¶¶ 34, 42, 44, 45 [Doc. No. 71].) The ACCA imposes a minimum mandatory sentence of fifteen years on defendants convicted of being a felon in possession of a firearm if, in relevant part, the defendant has at least three prior "violent felony" convictions (often referred to as "predicate offenses"). 18 U.S.C. § 924(e)(1). The parties agree that whether or not Mr. Townsend's prior felony convictions qualify as predicate offenses depends on the so-called "force" or "elements" clause of the ACCA. (See Gov't's Sentencing Mem. at 5 [Doc. No. 77]; Def's Sentencing Position at 3–4 [Doc. No. 80].) That clause defines a predicate "violent felony" as one that "has as an element the use, attempted use or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has defined "physical force" as "*violent* force—that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010) (emphasis original). However, threatening the use of physical force also constitutes a predicate offense so long as the force threatened is violent physical force. See United States v. Lindsey, 827 F.3d 733, 739 (8th Cir. 2016), cert. denied, No. 16-6266, 2016 WL 5874633 (U.S. Oct. 31, 2016).

The Government argues that all four of Townsend's prior felony convictions are violent felonies under the force clause and thus the ACCA's minimum mandatory sentence applies. (See Gov't's Sentencing Mem. at 5–22.) Townsend contends that, at a minimum, his Minnesota first-degree aggravated robbery and Wisconsin armed robbery convictions are not violent felonies and thus the ACCA does not apply. (See Def's Sentencing Position at 7–13.)

## II.   WISCONSIN SUBSTANTIAL BATTERY AND MINNESOTA FIFTH-DEGREE ASSAULT

Townsend makes a passing assertion that his Wisconsin substantial battery and Minnesota fifth-degree assault convictions are not predicate offenses under the ACCA because "the law in this area is in flux, and simultaneously dependent on state court decisions which might alter the result." (Def's Sentencing Position at 13.) He offers no support for this argument and no relevant case law. However, because these convictions are important to the Court's ultimate conclusion that the ACCA's minimum mandatory sentence applies, the Court briefly examines each conviction.

When Townsend committed the offense, Wisconsin defined substantial battery as "caus[ing] substantial bodily harm to another by an act done with intent to cause substantial bodily harm . . . ." Wis. Stat. § 940.19(3) (1999). The statute further defined "substantial bodily harm" as "bodily injury that causes a laceration that requires stiches; any fracture of a bone; a burn; a temporary loss of consciousness, sight, or hearing; a concussion; or a loss or fracture of a tooth." Wis. Stat. § 939.22(38) (1999). Using the categorical approach—wherein a Court looks only at the elements and statutory

definitions of the crime of conviction and not the particular facts underlying the conviction, see Descamps v. United States, 133 S. Ct. 2276, 2283 (2013)—Wisconsin's substantial battery statute plainly contains an element of violent physical force sufficient to cause substantial bodily harm. Thus, Townsend's Wisconsin substantial battery conviction is an ACCA predicate offense.

When Mr. Townsend committed the offense, Minnesota defined fifth-degree assault as "(1) commit[ting] an act with intent to cause fear in another of immediate bodily harm or death; or (2) intentionally inflict[ing] or attempt[ting] to inflict bodily harm upon another." Minn. Stat. § 609.224, subd. 1 (2004). "Bodily harm" was described as "physical pain or injury, illness, or any impairment of physical condition." Minn. Stat. § 609.02, subd. 7 (2004). Recently, the Eighth Circuit held that Minnesota's domestic assault statute—which contains elements and definitions identical to those for fifth-degree assault—was an ACCA predicate offense under the force clause. United States v. Schaffer, 818 F.3d 796, 798 (8th Cir. 2016). Following Schaffer, the Court holds that Townsend's Minnesota fifth-degree assault conviction is an ACCA predicate offense.

### III.   MINNESOTA FIRST-DEGREE AGGRAVATED ROBBERY

The Government, relying heavily on an opinion from the Seventh Circuit, argues that Townsend's Minnesota first-degree aggravated robbery conviction is a violent felony. (See Gov't's Sentencing Mem. at 10–17 (citing United States v. Maxwell, 823 F.3d 1057, 1060–61 (7th Cir. 2016)).) The Government contends that the amount of force required for a conviction under this statute satisfies Johnson's definition of violent

force. (See id.) Townsend argues that the requisite degree of violent force is not met because a conviction under this statute is possible where a defendant merely possesses—but does not use, brandish, or even threaten the use of—a dangerous weapon. (See Def's Sentencing Position at 7–10.)

When Townsend committed the offense, Minnesota defined so-called "simple robbery" as "tak[ing] personal property from the person or in the presence of another and us[ing] or threaten[ing] the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property . . . ." Minn. Stat. § 609.24 (2004). First-degree aggravated robbery, the crime Townsend was convicted of, was defined as committing simple robbery while "armed with a dangerous weapon . . . or inflict[ing] bodily harm upon another . . . ." Minn. Stat. § 609.245, subd. 1 (2004).

In this District, Judge Schiltz recently addressed whether Minnesota first-degree aggravated robbery is an ACCA predicate offense. See United States v. Pettis, No. 15-cr-0233 (PJS/FLN), 2016 WL 5107035 (D. Minn. Sept. 19, 2016). The Court finds Judge Schiltz's well-reasoned opinion persuasive and follows it here.

In Pettis, Judge Schiltz first considered whether Minnesota simple robbery qualified as an ACCA predicate offense. 2016 WL 5107035 at *2–3. He concluded it was not a predicate offense because, according to Minnesota state court cases, it was possible to be convicted of the crime without using the strong, substantial, or violent

degree of physical force required under Johnson.[1]  Id. (citing State v. Nelson, 297 N.W.2d 285, 286 (Minn. 1980) and Duluth St. Ry. Co. v. Fidelity & Deposit Co. of Md., 161 N.W. 595, 595–96 (Minn. 1917)).  For example, pulling on someone's coat or physically crowding someone in an elevator satisfies the force element of Minnesota simple robbery.  See Nelson, 297 N.W.2d at 286; Duluth St. Ry. Co., 161 N.W. at 595–96; see also State v. Gaiovnik, No. A09-190, 2010 WL 1439156, at *4 (Minn. Ct. App. Apr. 13, 2010), aff'd, 794 N.W.2d 643 (Minn. 2011) (holding that merely "grabbing" or "yanking" the victim's arm satisfied the simple robbery's force element).  "Because the slightest contact with the victim is enough to support a conviction for simple robbery in Minnesota, that offense does not have as an element the use of a strong, substantial, or violent degree of force."  Pettis, 2016 WL 5107035 at *3.  However, Judge Schiltz did acknowledge that simple robbery was a "crime of violence" as enumerated in the Sentencing Guidelines.  Id. at *3–4.  Thus, although Minnesota simple robbery is not a predicate offense for determining if the ACCA's minimum mandatory applied, it is a crime of violence for the purposes of calculating the proper Guidelines range.  Id.

---

[1] Judge Schiltz acknowledged that this ruling ran contrary to the opinions in United States v. Raymond, 778 F.3d 716, 717 (8th Cir. 2015) (*per curiam*) and United States v. Samuel Johnson, 526 F. App'x 708, 711 (8th Cir. 2013).  Pettis, 2016 WL 5107035 at *3. However, Judge Schiltz found that the Eighth Circuit's more recent decision in United States v. Eason, 829 F.3d 633 (8th Cir. 2016) effectively abrogated those earlier decisions.  Id.  Here, the Government argues that Minnesota first-degree aggravated robbery is a predicate offense because simple robbery is also a predicate offense that contains a violent physical force element.  (Gov't's Sentencing Mem. at 12–14.) However, the Government fails to distinguish the Minnesota state court cases discussed in Pettis that held simple robbery could be based on trivial or slight touching.  The Court agrees with Judge Schiltz and holds that—in light of Eason and Minnesota state court rulings—Minnesota simple robbery is not a predicate offense.

Judge Schiltz then considered whether Minnesota first-degree aggravated robbery added the element of violent physical force necessary for an ACCA predicate offense. Id. at *4–5. Judge Schiltz first found, as another court in this District had previously found, that the first-degree aggravated robbery statute was divisible, containing two alternative elements. Id. at *4 (citing United States v. Jones, No. 04–cr–0362 (JRT/RLE), 2016 WL 4186929, at *4 (D. Minn. Aug. 8, 2016)). Specifically, he found there were two ways to commit the crime: (1) committing a simple robbery while being armed with a dangerous weapon, or (2) inflicting bodily harm upon another while committing simple robbery. Id. (citing Minn. Stat. § 609.245, subd.1). This divisibility determination is important because where a statute contains alternative elements, one of which constitutes an ACCA predicate offense and the other which does not, the Court must (under the so-called "modified categorical approach") look to a defendant's records of conviction to determine which element he was convicted of and thus whether or not his conviction is a predicate offense. See Descamps, 133 S. Ct. at 2283–84.

Here, Townsend implicitly argues that Minnesota's first-degree aggravated robbery statute does not contain alternative elements—and thus is not divisible—according to the Supreme Court's recent decision in Mathis. (Def's Sentencing Position at 9–10 (citing Mathis v. United States, 136 S. Ct. 2243 (2016)).) Mathis explained that when considering ACCA predicate offenses, a court must determine whether a statute contains alternative elements (i.e., alternative "'constituent parts' of a crime's legal definition," only one of which must be proven in order for a defendant to be convicted) or means (i.e., alternative sets of facts or circumstances, any one of which, if proven, would

7

satisfy a particular element). See 136 S. Ct. at 2248. To determine if a statute contains alternative elements or means, the starting point is the language of the statute itself. See id. at 2249.

A person commits first-degree aggravated robbery if he, while committing simple robbery, is "armed with a dangerous weapon . . . *or* inflicts bodily harm upon another . . . ." Minn. Stat. § 609.245, subd. 1. Merely possessing a dangerous weapon during the course of a robbery is entirely different from actually inflicting bodily harm on another during the same. Thus, the statute plainly contains alternative elements, separated by the disjunctive "or," and only one element must be proven for a conviction. The Court agrees with Pettis and Jones and holds that Minnesota's first-degree aggravated robbery statute contains alternative elements and is divisible.

Turning back to Pettis, Judge Schiltz held that a conviction under the "dangerous weapon" prong of the first-degree aggravated robbery statute was not an ACCA predicate offense because, according to Minnesota state case law, all it required was that the defendant merely possesses a dangerous weapon during the course of a robbery.[2] 2016 WL 5107035 at *5 (citing State v. Moss, 269 N.W.2d 732, 735 (Minn. 1978)). "Clearly, then, a defendant can be convicted of first-degree aggravated robbery without using, attempting to use, or threatening to use physical force." Id. However, if a defendant were convicted under the "inflicting bodily harm" prong, that conviction would qualify as

---

[2] Judge Schiltz recognized that this holding was contrary to at least one Eighth Circuit opinion. Pettis, 2016 WL 5107035 at *5 (citing United States v. Rucker, 545 F. App'x 567 (8th Cir. 2013)). However, Rucker was an unpublished, *per curiam* opinion wherein the defendant disputed his conviction for first-degree aggravated robbery as an ACCA predicate offense for the first time on appeal and thus carried no precedential weight. Id.

8

an ACCA predicate offense because it contained as an element the use or threatened use of violent physical force. Id. But—as with simple robbery—Judge Schiltz concluded that any conviction for first-degree aggravated robbery qualified as a "crime of violence" for the purpose of calculating the appropriate range under the Sentencing Guidelines. Id. at *6.

Here, the Government relies heavily on the Seventh Circuit's opinion in Maxwell to argue that any Minnesota first-degree aggravated robbery conviction is an ACCA predicate offense. (See Gov't's Sentencing Mem. at 12–17; Gov't's Resp. at 2–3 [Doc. No. 81].) Maxwell held that Minnesota simple robbery (and thus, presumably, first-degree aggravated robbery) was a "crime of violence" for purposes of calculating the appropriate Sentencing Guidelines range. 823 F.3d at 1060–62. As recognized by Pettis, a conviction might be a "crime of violence" under the Sentencing Guidelines, but not a predicate offense for the purpose of applying the ACCA's minimum mandatory sentence—those inquiries are distinct from one another. The Government offers no reason for the Court to disregard Pettis' careful analysis or the Minnesota state court cases on which Pettis relied. Thus, the Court holds that Minnesota's first-degree aggravated robbery statute is divisible, wherein a conviction under the dangerous weapon prong is not an ACCA predicate offense while a conviction under the inflicting bodily harm prong is a predicate offense.[3]

---

[3] The Court notes that this holding conflicts, at least in part, with its ruling in United States v. Spencer, No. 14-cr-322 (SRN/TNL), 2016 WL 4402799 (D. Minn. Aug. 16, 2016). There, the defendant did not challenge the government's position that his Minnesota conviction for first-degree aggravated robbery was an ACCA predicate

9

Turning to Townsend's records of conviction, it is clear that he was convicted under the dangerous weapon prong of the first-degree aggravated robbery statute. (See Gov't's Sentencing Mem., Ex. 3 at 7, 12–13, 19–20[4] [Doc. No. 77-3].) The Court notes with some concern that these same records evidence the fact that Townsend committed a robbery during which he cocked a gun and pointed it at his victim. (Id. at 12.) This is undoubtedly a threat of violent physical force. However, the Supreme Court cautions that a sentencing court may "peek" at the records of conviction for the "sole and limited purpose" of assessing which alternative element a defendant was convicted under and *not* to determine whether the specific facts of the defendant's crime qualify under the relevant ACCA definition of "violent felony." See Mathis, 136 S. Ct. at 2257; Descamps, 133 S. Ct. at 2284–85. Thus, as it must, the Court holds that Townsend's Minnesota first-degree aggravated robbery conviction is not an ACCA predicate offense.

## IV. WISCONSIN ARMED ROBBERY

When Townsend committed his crime, Wisconsin defined simple robbery in relevant part as taking property from a person by use of force or by threatening the imminent use of force. Wis. Stat. § 943.32(1) (2004). Armed robbery, the crime Townsend was convicted of, was simple robbery committed "*by use or threat of use* of a dangerous weapon . . . ." Wis. Stat. § 943.32(2) (2004) (emphasis added). "Dangerous weapon" was defined in relevant part as "any firearm, whether loaded or unloaded [or]

---

offense. Id. at *1. Thus, the Court—relying on Rucker, 545 F. App'x 567 and with no additional analysis—concluded that this conviction was an ACCA predicate offense. Id.

[4] Since this exhibit contains multiple, individually paginated documents, the Court cites to the ECF page number as it appears in the upper right-hand corner of the document.

any device designed as a weapon and capable of producing death or great bodily harm . . . ." Wis. Stat. § 939.22(10) (2004).

Several federal district courts have held that Wisconsin simple robbery is not an ACCA predicate offense because a conviction is possible without proving the force used or threatened was violent physical force. Branch v. United States, No. 08-CR-177-BBC, 2016 WL 4523938, at *4 (W.D. Wis. Aug. 22, 2016); Stewart v. United States, No. 02-CR-205, 2016 WL 3024114, at *7–8 (E.D. Wis. May 25, 2016); Robinson v. United States, No. 00-CR-32, 2016 WL 3059764, at *7–8 (E.D. Wis. May 24, 2016). The Court agrees with the reasoning in those cases and adopts it here. The question then is whether the added element of armed robbery, "by use or threat of use of a dangerous weapon," requires proving the use or threatened use of violent physical force. The Court holds that it does.

Unlike the dangerous weapon prong of Minnesota's first-degree aggravated robbery statute, Wisconsin's armed robbery statute explicitly requires that a dangerous weapon be used, or that its use be threatened. Compare Minn. Stat. § 609.245, subd. 1 with Wis. Stat. § 943.32(2). Wisconsin case law makes clear that, at a minimum, there must be evidence that the defendant said something or acted in a way that caused the victim to reasonably believe he/she was being threatened with a dangerous weapon. State v. Rittman, 781 N.W.2d 545, 548 (Wis. Ct. App. 2010) ("The key to a conviction under Wis. Stat. § 943.32(2) is whether the victim reasonably believed that he or she was *threatened* with a dangerous weapon . . . ." (emphasis added)); see State v. Hubanks, 496 N.W.2d 96, 99 (Wis. Ct. App. 1992). Because a dangerous weapon is, by definition, one

11

that can cause great bodily harm, Wisconsin armed robbery adds "as an element [to simple robbery] the use, attempted use or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i); see Johnson, 559 U.S. at 140; Lindsey, 827 F.3d at 739.

Townsend argues that Hubanks stands for the proposition that one can be convicted of armed robbery without actually being armed with a dangerous weapon or threatening the use of the same and thus his conviction is not an ACCA predicate offense. (See Def's Sentencing Position at 11–12.)  The Court disagrees.  There, the Wisconsin Court of Appeals upheld the defendant's conviction for armed robbery where the evidence showed that he threatened to kill his victim while pointing what the victim believed to be a gun at her.  Hubanks, 496 N.W.2d at 98–99.  In fact, the object the defendant used was a glass smoking pipe, but the court nonetheless concluded that under the circumstances, the victim's subjective belief that the defendant was threatening her with a dangerous weapon was reasonable.  Id.  Still, Hubanks required proof that the defendant acted in such a way that the victim reasonably believed that he threatened her with a dangerous weapon.  Id. at 99.

## V.    CONCLUSION

To summarize, the Court holds that Townsend's Wisconsin substantial battery, Minnesota fifth-degree assault, and Wisconsin armed robbery convictions are ACCA predicate offenses and thus the ACCA's minimum mandatory sentence applies.

Dated:  December 19, 2016            s/ Susan Richard Nelson
                                     SUSAN RICHARD NELSON
                                     United States District Judge