# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Edward Lee Townsend, a/k/a Edward Earl Townsend,<br><br>        Defendant. | Case No. 15-cr-305 (SRN/HB)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Benjamin Bejar and Craig R. Baune, United States Attorney's Office, 300 South 4th St., Ste. 600, Minneapolis, MN 55415, for Plaintiff.

Edward Lee Townsend, # 19250-041, FCI Pekin, PO Box 5000, Pekin, IL 61555, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Edward Lee Townsend's Pro Se Motion to Vacate, Set Aside, or Correct the Sentence Imposed Pursuant to 28 U.S.C. § 2255 [Doc. No. 103].[1] The Government has filed a response [Doc. No. 111] and citation to supplemental authority [Doc. No. 114]. Defendant has also filed a reply memorandum [Doc. No. 113]. Based on a review of the file, record and proceedings therein, and for the reasons set forth below, the Court denies Defendant's motion.

---

[1] Although Townsend is the petitioner in this motion, because the current filings are found in the underlying criminal docket, the Court refers to him by name or as "Defendant" throughout this Order.

## I. BACKGROUND

In November 2015, Townsend was charged in a single-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e)(1). (Indictment at 1–2 [Doc. No. 1].) In May 2016, he and the Government entered into a plea agreement (the "Plea Agreement"). (Plea Agmt. [Doc. No. 63].)

In the Plea Agreement, Townsend admitted that on September 19, 2014, during the execution of a search warrant at a residence in St. Paul, Minnesota, officers located a revolver. (*Id.* at 2.) Townsend agreed that he knowingly and voluntarily possessed the firearm and understood that his possession of the gun violated the law. (*Id.*) Further, Townsend admitted that prior to September 19, 2014, he had been convicted of certain felonies, listed in Count 1 of the Indictment, at least three of which were "violent felonies" as then defined under 18 U.S.C. § 924(e)(2). (*Id.*) In addition, Townsend waived his right to file pretrial motions and to appeal, and recognized that the offense in Count 1 carried the statutory maximum penalty of life imprisonment and a mandatory-minimum term of not less than 15 years' imprisonment (180 months). (*Id.* at 3.)

On May 31, 2016, Townsend entered a guilty plea. (*See* May 31, 2016 Minutes [Doc. No. 62].) At that hearing, Townsend testified under oath that he was satisfied with the representation of his legal counsel, Federal Defender Manny Atwal, and had had sufficient time to discuss with her the charge against him, the terms of the Plea Agreement, and his decision to plead guilty. (May 31, 2016 Hr'g Tr. at 5–6, 10–13 [Doc. No. 97].) Twice, in response to questions from the Court and counsel for the Government, Townsend specifically expressed his understanding that pursuant to the Plea

Agreement, both he and the Government waived any right to appeal his sentence. (*Id.* at 17–18, 20.) Townsend engaged in colloquy with the Court on this subject:

> Court: All right. Now, you've also given up your right to appeal the sentence. Ordinarily parties, both the Government and the Defense, retain their rights to appeal; but on occasion, they waive certain rights to appeal. And in this case, both parties, the Government and you, have waived your rights to appeal the sentence. Do you understand that?
>
> Defendant: Yes, Your Honor.
>
> Court: So that means you won't be able to argue to a higher court that the sentence was unlawful in any way. Do you understand that?
>
> Defendant: Yes, Your Honor.

(*Id.* at 20.)

Ms. Atwal likewise stated that she had had sufficient time to talk with her client about his decision to enter a guilty plea. (*Id.* at 6.) She further attested to her belief that Townsend understood the charge against him and the range of possible punishments. (*Id.*)

In December 2016, this Court sentenced Townsend to a prison term of 180 months. (Sentencing J. at 2 [Doc. No. 86].) At sentencing, the Court considered whether Townsend's four prior felony convictions constituted predicate offenses under the Armed Career Criminal Act ("ACCA"). The ACCA imposes a mandatory minimum sentence of fifteen years on defendants convicted of being a felon in possession of a firearm if, in relevant part, the defendant has at least three prior "violent felony" convictions. 18 U.S.C. § 924(e)(1). A crime is a violent felony if it is "punishable by imprisonment for a term exceeding one year," and as applicable here under the ACCA's "force clause," it

involves "the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i).

Townsend has four prior felony convictions: (1) a Wisconsin conviction for substantial battery; (2) a Minnesota conviction for fifth-degree assault; (3) a Minnesota conviction for first-degree aggravated robbery; and (4) a Wisconsin conviction for armed robbery with threat of force. (Presentence Investigation Report ("PSR") at ¶¶ 34, 42, 44–45 [Doc. No. 71].) At sentencing, this Court concluded that three of the prior convictions constituted violent felonies under the ACCA, but not the Minnesota conviction for first-degree aggravated robbery, relying on the reasoning of the district court in *United States v. Pettis*, No. 15-cr-0233 (PJS/FLN), 2016 WL 5107035 (D. Minn. Sept. 19, 2016), *rev'd* 888 F.3d 962, 965–66 (8th Cir. 2018), *petition for cert. filed*, (U.S. July 18, 2018) (No. 18-5232). (Dec. 19, 2016 Order at 4–10.) Because of the three qualifying predicate offenses, the Court found that Townsend was subject to the 15-year mandatory sentence for an armed career criminal. (*Id.* at 12.)

Townsend initially filed an appeal with the Eighth Circuit Court of Appeals. (*See* Notice of Appeal [Doc. No. 91].) The Government moved to dismiss the appeal, citing Townsend's waiver of appellate rights. In response, Townsend, through defense counsel, conceded the applicability of the waiver and did not oppose dismissal. (*See Townsend v. United States*, No. 16-4578, Response to Gov't's Mot. to Dismiss (8th Cir. Feb. 24, 2016).) The Eighth Circuit then dismissed the appeal. (*See* 8th Cir. J. at 1 [Doc. No. 100].) Ms. Atwal forwarded Townsend a copy of the dismissal order, noting that they had discussed the dismissal and that he was still entitled to file a motion under Section

2255 to challenge the application of the ACCA to his sentence. (Ex. 1 to Def.'s Mot. (Mar. 25, 2017 Letter) [Doc. No. 103-1].)

In January 2018, Townsend filed the instant Section 2255 motion, seeking to correct his sentence. He presents three arguments. First, he argues that he received ineffective assistance of counsel stemming from: (1) counsel's recommendation that he sign the Plea Agreement; (2) the agreement to dismiss the appeal in light of the valid appeal-waiver provision in the Plea Agreement, (Def.'s Mot. at 3); and (3) counsel's "wholly inadequate" representation concerning the applicability of the ACCA. (*Id.* at 6). Second, Townsend claims that he is "actually innocent" because his prior felony convictions do not qualify as ACCA predicate felonies. (*Id.*) Third, he argues that the ACCA's force clause is unconstitutionally vague. (*Id.*)

## II. DISCUSSION

Under Section 2255,

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). This relief is only available in limited circumstances and is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

### A. Ineffective Assistance of Counsel

In order to obtain relief for ineffective assistance of counsel, Defendant must establish both that his counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Defendant bears the burden of establishing to a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *Id.* In a case involving a plea agreement, this requires a showing that "'there [was] a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial.'" *York v. Lockhart*, 856 F.2d 61, 63 (8th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

This is a "heavy burden," *Apfel*, 97 F.3d at 1076, requiring a defendant to show that the deficiency in counsel's performance was "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687. A defendant must show that counsel's errors were not the result of "reasonable professional judgment." *Id.* at 690. Moreover, a court's review of counsel's performance is highly deferential, and there is a strong presumption of adequate assistance. *Id.*

### 1. Waiver of Right to Appeal

Townsend first challenges counsel's legal representation as it relates to the waiver of the right to file a direct appeal. The Eighth Circuit has observed that the right to appeal is not a constitutional right, but "'purely a creature of statute.'" *United States v.*

*Andis*, 333 F.3d 886, 889 (8th Cir. 2003) (quoting *Abney v. United States*, 431 U.S. 651 (1977)). When a purported waiver is challenged, courts "must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." *Id.* at 889–90. Even so, courts will not enforce a waiver if doing so would result in a miscarriage of justice. *Id.* at 890.

The Plea Agreement's waiver clause provides:

> The parties are expressly aware that Title 18, United States Code, Section 3742, affords them the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made within this Agreement, the parties hereby waive all rights conferred by Title 18, United States Code, Section 3742, to appeal the sentence or the basis of conviction on any ground.

(Plea Agmt. at 6.) The Court finds that Townsend's right to appeal falls within the scope of this waiver.

As to whether the waiver was knowingly and voluntarily made, Townsend asserts that Ms. Atwal "instructed him to sign a plea 'bargain' that he did not fully understand." (Def.'s Mot. at 4.) Although he "does not deny his guilt," he claims that he did not knowingly and intentionally waive his right to file a direct appeal. (*Id.*) Had he not waived the right, Townsend asserts, he would have directly appealed this Court's denial of his motion to suppress, although he concedes that the likelihood of success on appeal would be "slim." (*Id.* at 4–5.) Additionally, he contends that he would have directly appealed the application of the ACCA, although he acknowledges that this issue is subject to collateral review in a habeas petition. (*Id.*) He requests that the Court "vacate the plea agreement" and allow him to enter a guilty plea.

The Court rejects Townsend's argument that his waiver was not knowingly and voluntarily given. Any such claim is belied by the clear language of the Plea Agreement, signed by Townsend, and quoted above. *See United States v. Michelsen*, 141 F.3d 867, 871–82 (8th Cir. 1998) (finding appeal waiver was knowing and voluntary, even though it only appeared in the plea agreement and was not part of colloquy with court). Moreover, at two points during the hearing on Townsend's change of plea, he unequivocally stated his understanding of that waiver. (May 31, 2016 Hr'g Tr. at 17–18, 20.)

In addition, the Court encouraged Townsend to speak with his attorney at any time prior to answering questions from the Court, and to ask for clarification if he did not understand any of the questions. (*Id.* at 3.) Townsend indicated that he had no difficulty understanding the Court's questions and had had a full opportunity to discuss the charge against him with Ms. Atwal. (*Id.* at 5, 12–13.) Ms. Atwal likewise stated that she believed Townsend understood the charge against him and that she had had sufficient time to talk with him about his decision to plead guilty. (*Id.* at 6.)

Townsend also disavowed that his guilty plea resulted from any force, threats, coercion, or violence against him. (*Id.* at 25.) To the contrary, he agreed that his guilty plea was voluntarily made:

> Court: Mr. Townsend, are you making this plea voluntarily and of your own free will?
>
> Defendant: Yes, Your Honor.
>
> Court: Has anyone forced you, threatened you, coerced you, or done any violence to you or your family to get you to plead guilty?

Defendant:  No, Your Honor.

Court:   Are you pleading guilty because you're guilty of this crime?

Defendant:  Yes, Your Honor.

(*Id.*)

The facts here simply do not support Townsend's claim of ineffective assistance related to his agreement to waive his right to appeal.  There was no deficiency in Ms. Atwal's representation.

Townsend has also not shown that but for counsel's alleged errors, the outcome would have been different.  *See Strickland*, 466 U.S. at 687.   Again, the "different outcome," in the context of ineffective assistance claims arising out of the plea process requires a showing that it was reasonably probable, that but for counsel's alleged errors, the petitioner would have not pleaded guilty, but insisted on going to trial.  *York*, 856 F.2d at 63 (citing *Hill*, 474 U.S. at 59).   But Townsend argues that had he not signed the Plea Agreement, he would have simply pleaded guilty without a Plea Agreement and directly appealed the denial of his motion to suppress.  (Def.'s Mot. at 4–5.)  In his Reply, he expressly disavows that he had any intention of going to trial, stating,

> Finally, the government erroneously argues, "the defendant's post-hoc assertion that but for his counsel's purported ineffective assistance, he would have *proceeded to trial*." (emphasis in Def.'s Reply).  Nowhere in Mr. Townsend's § 2255 motion does it say that he would have gone to trial.  Rather, the motion explains, "if he had received effective assistance of counsel, he would never have agreed to sign the plea agreement.  Instead, *he would have simply pled guilty to the indictment*. (emphasis in Def.'s Reply).

(Def.'s Reply at 2.) Because he cannot show a different outcome but for counsel's purported errors, and because there is no deficiency in counsel's performance, this ground of relief fails.

## 2. Dismissal of Appeal

Although Ms. Atwal initially filed an appeal on Townsend's behalf, when the Government moved to dismiss it in light of the agreed-upon waiver of appeal, Townsend then filed a response indicating no opposition to dismissal. (*See Townsend*, Response to Gov't's Mot. to Dismiss at 1 (8th Cir. Feb. 24, 2016).)

Counsel's actions in not opposing dismissal were entirely proper and competent. Ms. Atwal confirmed in a letter sent Townsend in March 2017 that she and Townsend had discussed the dismissal of his appeal.[2] (Ex. 1 to Def.'s Mot. (Mar. 25, 2017 Letter)) ("Please find enclosed the dismissal order from the Court of Appeals. Like we discussed on the phone, since we agreed to give up our right to appeal the sentence, the dismissal is not a surprise.") In light of the waiver in the Plea Agreement, pursuing a direct appeal would have been frivolous, absent a showing that the plea was not made knowingly and voluntarily. But Townsend himself conceded otherwise, at the hearing on his change of plea, and as stated in response to the motion to dismiss his appeal: "Mr. Townsend concedes that the plea agreement and the appeal waiver were agreed upon and entered into knowingly and voluntarily." (*See Townsend*, Response to Gov't's Mot. to Dismiss at 1 (8th Cir. Feb. 24, 2016).) In short, counsel was not deficient for asserting that Defendant did not oppose the dismissal of his appeal.

---

[2] Townsend attached this Letter to his Motion.

Nor has Townsend shown that a different outcome would have resulted but for any alleged errors. He argues that had he not entered a Plea Agreement, but merely pleaded guilty, he would have retained the right to challenge the denial of his suppression motion. (Def.'s Mot. at 4–5.) He concedes, however, that his likelihood of success would have been "slim." (*Id.* at 5.) He also argues that he would have directly challenged the application of ACCA. (*Id.*) But with respect to both of these arguments, assuming that they are predicated on underlying claims of ineffective assistance of counsel, such claims are generally reserved for collateral review. *See United States v. Mathison*, 760 F.3d 828, 831 (8th Cir. 2014) ("We only review ineffective assistance of counsel claims on direct appeal in 'exceptional cases.'") (citation omitted). Townsend has ably sought collateral review in this motion and the Court finds no prejudice resulting from the lack of direct appeal. For the foregoing reasons, this ground of relief fails.

### 3. ACCA

Townsend also argues that he was denied effective assistance of counsel with respect to the application of the ACCA, asserting that his counsel presented "wholly inadequate" arguments.[3] (*See* Def.'s Mot. at 6.)

The Court rejects this argument. Contrary to Townsend's claim of inadequacy, Ms. Atwal filed a 21-page sentencing memorandum, arguing that the ACCA enhancement was inapplicable to Townsend's sentence. (*See* Def.'s Sentencing Position

---

[3] It is not entirely clear whether Townsend's claims regarding the application of ACCA to his sentence ascribe errors only to counsel, the Court, or both. Based on his assertion that counsel presented inadequate arguments in this regard, the Court analyzes these claims as ineffective assistance of counsel claims. To the extent that Townsend intended otherwise, the analysis of the applicability of the ACCA remains the same.

Mem. at 3–13 [Doc. No. 80].)  Specifically, she argued that none of his prior convictions constituted predicate offenses.  (*Id.* at 7–13.)  Notably, she succeeded before this Court in arguing that Townsend's Minnesota aggravated robbery conviction was not an ACCA predicate offense, but because the Court found that the other three convictions were violent felonies, the Court applied the ACCA mandatory minimum sentence.  (*See* Dec. 19, 2016 Order at 4–10 [Doc. No. 88].)

As the Court observed in its December 19, 2016 Order, at the time Townsend committed the aggravated robbery offense, first-degree aggravated robbery required the commission of "simple robbery" while "armed with a dangerous weapon . . . or inflict[ing] bodily harm upon another . . . ."  Minn. Stat. § 609.245, subd. 1 (2004).  Minnesota defined simple robbery as "tak[ing] personal property from the person or in the presence of another and us[ing] or threaten[ing] the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property . . . ."  Minn. Stat. § 609.24 (2004).

The Court reached its conclusion at sentencing in reliance on the district court's opinion in *Pettis*, 2016 WL 5107035.  In *Pettis*, Judge Schiltz found that neither Minnesota simple robbery nor first-degree aggravated robbery—when committed while being armed with a dangerous weapon, but not inflicting harm—were ACCA predicate offenses.  *Id.* at 4–6.  But the Eighth Circuit later reversed *Pettis*, finding that a Minnesota conviction for simple robbery is indeed a violent felony because case law involving simple robbery requires the use of force capable of causing pain even if the victim

experienced no pain or injury. 888 F.3d at 965–66. In addition, shortly before the *Pettis* ruling, the Eighth Circuit expressly held that first-degree aggravated robbery under Minnesota law qualifies as a predicate offense under the ACCA. *United States v. Libby*, 880 F.3d 1011, 1015 (8th Cir. 2018).

### a.   Minnesota Fifth-Degree Assault

Turning to Townsends's three convictions which the Court determined were ACCA predicates, Townsend first raises a "lesser-included" argument with respect to his conviction for Minnesota fifth-degree assault. He argues that because "Minnesota's fifth-degree assault is a lesser-included offense under Minnesota's simple robbery statute," the assault offense cannot be considered a violent felony. (Def.'s Reply at 3; Def.'s Mot. at 8). Defendant relies on *United States v. Taylor*, No. 15-cr-91 (JNE/LIB), 2017 U.S. Dist. LEXIS 17376, at *13–14 (D. Minn. Feb. 7, 2017), in which the Court considered, prior to the Eighth Circuit's *Pettis* decision, whether Minnesota simple robbery qualified as an ACCA predicate offense. Judge Ericksen analyzed whether the lesser-included offense of fifth-degree assault required sufficient force to qualify as a violent crime, noting that where a lesser-included offense includes such force, "then the greater offense necessarily does as well." *Id.* at *13. But the conclusion in *Taylor* is not helpful to Townsend. Judge Ericksen found that Minnesota fifth-degree assault requires enough force to satisfy the ACCA's force clause.[4] *Id.* at *15. Also, because Townsend's Section 2255 Motion was filed prior to the Eighth Circuit's ruling in *Pettis*, Townsend relies on the district

---

[4] Judge Ericksen therefore found that Minnesota simple robbery is a violent felony for purposes of the ACCA. *Id.* at *15.

court opinion in *Pettis*, 2016 WL 5107025, at *2–3. But as this Court has discussed, the Eighth Circuit reversed that decision, finding that Minnesota simple robbery is a qualifying ACCA offense. *Pettis*, 888 F.3d at 964–66.

Moreover, as the Court noted in the December 19, 2016 Order, the Eighth Circuit has held that Minnesota's domestic assault statute, containing the elements and definitions identical those for fifth-degree assault, is an ACCA predicate offense. *United States v. Schaffer*, 818 F.3d 796, 798 (8th Cir. 2016). In *Taylor*, Judge Erickson also relied on *Schaffer* in finding that fifth-degree assault satisfies the ACCA's force clause. 2017 U.S. Dist. LEXIS 17376, at * 14–15.

Accordingly, the Court reiterates its finding that Minnesota fifth-degree assault is a qualifying ACCA offense. Although Ms. Atwal was not successful in arguing that this offense is not a violent felony for purposes of the ACCA, her legal representation was certainly not constitutionally ineffective. And again, the Court is likewise unpersuaded that but for any alleged errors, there would have been a different result.

### b. Wisconsin Substantial Battery

As to Townsend's conviction for Wisconsin substantial battery, the Court incorporates by reference its reasoning in the December 19, 2016 Order, and again finds that this offense qualifies under the ACCA. While Townsend cites a decision from the Fifth Circuit, *United States v. Calzada-Ortega*, 551 Fed. App'x 790, 791–93 (5th Cir. 2014), the Court finds the reasoning in *Yates v. United States*, 842 F.3d 1051, 1052–53 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 1392 (2017), more persuasive. There, the Seventh Circuit —the federal appellate court covering the districts of Wisconsin—held

that a Wisconsin battery-by-prisoner conviction which required "bodily harm," involved the requisite force required under the ACCA's force clause. *Id.* The Court agrees with the Government that it is a "reasonable extrapolation that a conviction requiring substantial bodily harm would also qualify as an ACCA predicate felony." (*See* Gov't's Opp'n Mem. at 17.)

Moreover, the U.S. District Court for the Eastern District of Wisconsin has found that a conviction for substantial battery under Wisconsin law qualifies as a violent felony under the ACCA. *See United States v. Bradford*, 766 F. Supp. 2d 903, 905–06 (E.D. Wisc. 2011) (observing that Wisconsin's battery statute is not violated by conduct that is merely offensive, but requires bodily harm, "which necessarily requires the use of violent physical force.") In addition, the Eighth Circuit has also found that Wisconsin's statute against the battery of a law enforcement officer qualifies as an ACCA predicate offense. *See Jones v. United States*, 870 F.3d 750, 752–53 (8th Cir. 2017).

Again, Ms. Atwal challenged the applicability of all four of Townsend's felony convictions, including the Wisconsin conviction for substantial battery. (*See* Def.'s Sentencing Mem. at 13.) That her arguments did not prevail does not mean that her legal representation was ineffective. There is no showing of ineffective assistance here. And also, Townsend has not demonstrated that but for counsel's alleged failings, he would have obtained a different result.

### c. Wisconsin Armed Robbery with Threat of Force

Townsend also argues that he received ineffective assistance with respect to the finding that his conviction for Wisconsin armed robbery with threat of force qualified as

a predicate offense under the ACCA. He cites authority holding that robbery, under Wisconsin law, is not a predicate offense. (Def.'s Mot. at 11.) But the cases on which Townsend relies concerned simple robbery, not robbery with threat of force. *See Branch v. United States*, 203 F. Supp. 3d 992, 993–94 (E.D. Wis. 2016)*; Stewart v. United States*, 191 F. Supp. 3d 923, 927–28 (E.D. Wis. 2016); *Robinson v. United States*, 188 F. Supp. 3d 857, 865–66 (E.D. Wis. 2016). The Court itself referenced these cases in its sentencing ruling and distinguished them on this basis. (*See* Dec. 19, 2016 Order at 11.) Now, as then, the question is whether the added element of armed robbery, "by use or threat of use of a dangerous weapon," requires proving the use or threatened use of violent physical force. The Court finds no basis to depart from its earlier ruling that it does.

The Court noted at sentencing that unlike the dangerous weapon prong of Minnesota's first-degree aggravated robbery statute, Wisconsin's armed robbery statute explicitly requires that a dangerous weapon be used, or that its use be threatened. *Compare* Minn. Stat. § 609.245, subd. 1 *with* Wis. Stat. § 943.32(2). But as noted earlier, since Townsend's sentencing, the Eighth Circuit has found that even Minnesota's first-degree aggravated robbery categorically qualifies as a violent felony under the ACCA. *Libby*, 880 F.3d at 1015. Moreover, Wisconsin case law makes clear that, at a minimum, there must be evidence that the defendant said something or acted in a way that caused the victim to reasonably believe he or she was being threatened with a dangerous weapon. *State v. Rittman*, 781 N.W.2d 545, 548 (Wis. Ct. App. 2010) ("The key to a conviction under Wis. Stat. § 943.32(2) is whether the victim reasonably believed that he

or she was *threatened* with a dangerous weapon . . . ." (emphasis added)); *see State v. Hubanks*, 496 N.W.2d 96, 99 (Wis. Ct. App. 1992).  Because a dangerous weapon is, by definition, one that can cause great bodily harm, Wisconsin armed robbery adds "as an element [to simple robbery] the use, attempted use or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).

There was no ineffective assistance based on Ms. Atwal's advocacy concerning the inclusion of this conviction as a predicate ACCA offense.  Nor is there any showing that a different result would have occurred before for any purported errors of counsel.

For all of the foregoing reasons, the Court finds that Townsend has failed to demonstrate any deficiency in his counsel's performance, let alone a deficiency that was "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland,* 466 U.S. at 687.

**B.    Actual Innocence**

Townsend also argues, without elaboration, that he is "'actually innocent' of the ACCA enhancement making his 180 month sentence in excess of the maximum authorized by law."  (Def.'s Mot. at 3.)   "Actual innocence" is essentially a term of art in habeas jurisprudence.  It is a means by which habeas petitioners may seek review of claims that are otherwise untimely.  *See McQuiggin v. Perkins*, 569 U.S. 383 (2013).  Because Townsend's petition was timely filed, the Court construes this argument as a general contention that the ACCA is inapplicable to his sentence, in addition to his claims of ineffective assistance in challenging its application.  For all of the reasons set forth in the preceding section concerning ACCA, the Court denies relief on this basis.

### C.    Vagueness

Lastly, Townsend argues that the ACCA's force clause is void for vagueness, relying primarily on *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the ACCA violates due process. (Def.'s Mot. at 11–16.)    In addition to the force clause and certain enumerated offenses, the residual clause included among the definitions of "violent felony" under the ACCA any felony that "involves conduct that presents a serious potential risk of physical injury to another."    18 U.S.C. § 924(e)(ii).    Townsend contends that because federal courts grapple with the question of what constitutes a violent felony, ordinary people cannot be expected to identify the type of conduct that gives rise to the application of the force clause.  (Def.'s Mot. at 13.)

"The Fifth Amendment provides that '[n]o person shall . . . be deprived of life, liberty, or property, without due process of law.'"  *Johnson*, 135 S. Ct. at 2556.    This guarantee is violated when the government takes away "someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement."  *Id.* at 2557; *see Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972) ("[W]e insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.").  Claims of unconstitutional vagueness not involving the First Amendment are examined under the circumstances of the case at hand.  *See United States v. Washam*, 312 F.3d 926, 929 (8th Cir. 2002).  A two-part test is employed to assess vagueness: "[f]irst, the statute must provide adequate notice of the

proscribed conduct," and "[s]econd, the statute must not lend itself to arbitrary enforcement." *Id.* at 929.

In *Johnson*, the Supreme Court concluded that the ACCA's residual clause was unconstitutionally vague for two reasons. 135 S. Ct. at 2557–58. First, the Supreme Court found that the clause created uncertainty because courts were required to determine "how to estimate the risk posed by a crime" because the clause "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* at 2557. In addition, the Supreme Court found that the residual clause created uncertainty "about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2558. Also, the Court expressly stated that its decision regarding the residual clause did not call into question the application of the ACCA to the enumerated offenses, "or the remainder of the Act's definition of a violent felony." *Id.* at 2563.

*Johnson*, which limited its vagueness holding to the residual clause, implicitly recognized that the force clause does not contain the same infirmities. The Supreme Court noted, "unlike the part of the definition of a violent felony that asks whether the crime 'has *as an element* the use . . . of physical force,' the residual clause asks whether the crime '*involves conduct*' that presents too much risk of physical injury." *Id.* at 2557 (emphasis in original). Unlike the residual clause, the statutory elements in Townsend's underlying convictions make clear that physical force is required. Moreover, the Eighth Circuit has found that *Johnson* did not invalidate the force clause. *United States v. Robinson*, 826 F.3d 1044, 1045 (8th Cir. 2016).

Moreover, Townsend has not shown how the force clause is vague as applied to the facts of his case. *See Washam*, 312 F.3d at 929. In addition, his argument that other courts have struggled to apply the categorical approach to the force clause does not lead to a finding of vagueness. As the Eighth Circuit has observed, "What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." *United States v. Ghane*, 673 F.3d 771, 778 (8th Cir. 2012) (quoting *United States v. Williams*, 553 U.S. 285, 306 (2008)).

The Court finds that *Johnson* does not control a finding that the force clause is unconstitutionally vague, nor has Townsend demonstrated how the clause is vague as applied to his case. This ground of relief fails.

## D. Evidentiary Hearing

A petitioner is not entitled to a hearing on a § 2255 motion if "the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In particular, a petition can be dismissed without an evidentiary hearing if: "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

Here, although Townsend defers to the Court's discretion on whether a hearing is warranted, he asserts that there is a factual dispute about whether he understood the meaning of the Plea Agreement. (Def.'s Reply at 2.) Contrary to the claims in his

Section 2255 motion, the record is quite clear that Townsend's guilty plea was knowingly and voluntarily made. As discussed herein, he expressed his understanding of the Plea Agreement at the hearing on his change of plea, and had the full opportunity to speak with counsel and to seek clarification with the Court prior to entering his guilty plea. Under these facts, no evidentiary hearing is warranted.

### E. Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable among reasonable jurists." *Fleiger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a certificate of appealability.

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED that**

1.     Defendant's pro-se motion pursuant to 28 U.S.C. § 2255 for an order of this Court to vacate, set aside, or correct his sentence [Doc. No. 103] is **DENIED;**

2.     No evidentiary hearing is required in this matter; and

3.     A Certificate of Appealability is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 10, 2018

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge